UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AERO AG HOLDINGS, LLC**, <br><br> Plaintiff, <br><br> v. <br><br> **SUMMIT FOOTWEAR CO., LTD., and AEROSFT FOOTWEAR USA LLC,** <br><br> Defendants. | Civ. No. 2:20-cv-16655 (WJM) <br><br><br> **OPINION** |

## **WILLIAM J. MARTINI, U.S.D.J.:**

      In this matter, Plaintiff Aero AG Holdings, LLC alleges that Summit Footwear Co., LTD and Aerosoft Footwear Co., LTD have engaged in federal trademark infringement, unfair competition, and trademark dilution. Compl. ¶ 4. On January 14, 2021, the Clerk of Court entered default as to Defendant Aerosoft Footwear Co., LTD for failure to plead or otherwise defend. ECF No. 8. Before the Court is Defendant Aerosoft Footwear USA LLC's Motion to Vacate Default, ECF No. 9, and Plaintiff Aero AG Holdings, LLC's Cross-Motion for Default Judgment, ECF No. 14. The Court reviewed the parties' submissions and decides the motions without oral argument. Fed. R. Civ. P. 78(b). For the reasons stated below, the Court **GRANTS** Defendant Aerosoft Footwear USA LLC's motion to vacate default and **DENIES** Plaintiff Aero AG Holdings, LLC's Cross-Motion for Entry of Default Judgment.

### I.    BACKGROUND[1]

      Plaintiff Aero AG Holdings, LLC ("Aero AG") filed this trademark infringement action on November 19, 2020 against Summit Footwear Co., Ltd. ("Summit") and Aerosoft Footwear USA LLC ("Aerosoft Footwear"). ECF No. 1. Summit has its principal place of business in Samutprakarn, Thailand. Compl., ECF No. 1, ¶ 6. Aeroosft Footwear has its principal place of business in Austin, Texas. *Id.* at ¶ 7. Aerosoft Footwear is the single distributor of Summit's Aerosoft footwear in the United States. ECF No. 9-2, at ¶ 3.

---

[1]     The Court accepts as true the facts alleged in the Complaint, ECF No. 1, as well as the factual representations supported by declarations accompanying Plaintiff's and Defendant's motions, ECF Nos. 9, 14, for purposes of this Opinion.

On October 15, 2013, Summit applied to the United States Patent and Trademark Office ("PTO") to register its "aero*soft*" trademark for footwear. Compl. ¶ 24. Plaintiff Aero AG filed a notice of opposition with the PTO Trademark Trial and Appeal Board ("TTAB") against Summit's application on October 6, 2014. *Id.* at ¶ 27. Defendants report that the TTAB proceeding is still pending. ECF No. 9-3, ¶ 5. Aero AG and Summit have so far been unable to resolve the dispute despite efforts. Compl. ¶¶ 28, 29; ECF No. 9-3, ¶ 6. Plaintiff emphasizes that the TTAB proceeding involves only the question of whether the "aero*soft*" mark may be registered at the PTO, not whether Defendants can use the mark in commerce. Pl.'s Opp. 4.

Plaintiff filed its Complaint in this matter on November 19, 2020. ECF No. 1. On November 19, 2020, Plaintiff's counsel emailed the Complaint to Summit's TTAB counsel and inquired whether he would accept service on behalf of both defendants and, having received no response, subsequently followed up on November 24, 2020. ECF No. 13-1, ¶¶ 7, 10. Summit's TTAB counsel again did not respond. *Id.* Plaintiff served Defendant Aerosoft Footwear on December 17, 2020. ECF No. 5. Apparently because of the holiday and related travel, Mahmood Ali, Aerosoft Footwear's president, was unable to discuss the lawsuit with Texas counsel, Anil Ali until December 23, 2020. ECF No. 9-2, ¶ 7. Anil Ali is the managing attorney at the law firm Anil Ali, P.C., which represents Aerosoft Footwear in general corporate matters. *Id.* at ¶ 1-2. Following the Christmas holiday, Aerosoft Footwear's Texas counsel wrote to Summit in Thailand by letter on December 29, 2020, inquiring about Aero AG's suit. *Id.* at ¶ 8. Summit's Thai attorney, in turn, sought advice from IpHorgan Ltd., the firm that represented it in the TTAB proceeding. ECF No. 9-3, ¶¶ 5, 9. In consequence of these communications, Summit agreed to undertake the defense of Aerosoft on January 15, 2021, and then retained Charles Quinn of the firm McElroy, Deutsch, Mulvaney & Carpenter to act as co-counsel to defendants on January 20, 2021. ECF No. 9-3, ¶ 10. Mr. Quinn currently represents Summit and Aerosoft Footwear in this matter.

On January 13, 2021, Aero AG applied for entry of default, six days after Aerosoft Footwear's response to the complaint was due. The Clerk entered a default order against Aerosoft on January 14, 2021. ECF Nos. 7, 8. Plaintiff states that his interactions with an individual from the firm Anil Ali, P.C., on January 15, 2021 lead him to believe that the firm was "reviewing the case" for a "potential client," when in actuality, Plaintiff's counsel believed that the Ali firm already represented Aerosoft Footwear. Pl.'s Opp. 10. On January 20, 2021, Charles Quinn requested via telephone that Eric Biderman, Plaintiff's counsel in this matter, agree to vacate the default against Aerosoft Footwear and, in turn, offered to accept service on behalf of Summit to relieve Plaintiff the task of effecting service in Thailand by Letters Rogatory or the Hague Convention. ECF No. 9-4, ¶ 2. Mr. Quinn and counsel for Plaintiff were unable to reach an agreement. *Id.* ¶¶ 3-7. On February 23, 2021, Aerosoft Footwear filed its motion to vacate default, ECF No. 9.

## II. DISCUSSION

The decision to vacate entry of default is left to the discretion of the this Court. *Moreno v. Tringali*, Civil No. 14–4002 (JBS/KMW), 2015 WL 3991161, at *6 (D.N.J. June 30, 2015) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Discretion to set aside entry of default may be for good cause. *World Ent. Inc. v. Brown*, 487 F. App'x 758, 761 (3d Cir. 2012); *see also* Fed. R. Civ. P. 55(c). "Before imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008). "In weighting these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort." *Id.* at 177 (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867-68 (3d. Cir. 1984)).

### A. Defendant Has Sufficiently Asserted a Meritorious Defense

Plaintiff Aero AG argues that Aerosoft Footwear has no meritorious defense warranting vacatur of the entry of default. A meritorious defense is accomplished when the "'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (citations omitted). Aerosoft Footwear primarily argues that there is an absence of likelihood of confusion between the "Aero*soft*" mark and Plaintiff's "Aerosoles" mark as a meritorious defense.

To establish likelihood of confusion between competing marks, "this Court looks to the following ten factors set forth by the Third Circuit, known as the *Lapp* factors: '(1) the degree of similarity between the owner's mark and the alleged infringing mark; (2) the strength of the owner's mark; (3) the price of the goods and other factors indicative of the care and attention expected of consumers when making a purchase; (4) the length of time the defendant has used the mark without evidence of actual confusion arising; (5) the intent of the defendant in adopting the mark; (6) the evidence of actual confusion; (7) whether the goods, though not competing, are marketed through the same channels of trade and advertised through the same media; (8) the extent to which the targets of the parties' sales efforts are the same; (9) the relationship of the goods in the minds of consumers because of the similarity of function; [and] (10) other facts suggesting that the consuming public might expect the prior owner to manufacture a product in the defendant's market, or that he is likely to expand into that market.'" *Cambridge Pavers, Inc. v. EP Henry Corp.*, 407 F. Supp. 3d 503, 508 (D.N.J. 2019) (citing *Interpace Corp. v. Lapp, Inc.*, 721 F.2d 460, 463 (3d Cir. 1983)). Plaintiff provides a comprehensive analysis as to each of these factors.

In a similar likelihood of confusion trademark case involving analysis of the *Lapp* factors, *Cambridge Pavers, Inc.*, this Court recently concluded that "such fact-laden inquiry is more appropriately assessed at the summary judgment stage." 407 F. Supp at 509. The Court here, on a motion to vacate default, similarly declines to engage in a

comprehensive analysis of all ten factors, and concludes that Defendant has set forth sufficient evidence to support its contention that there is no likelihood of confusion between the marks at issue.

For example, as to the second *Lapp* factor— the strength of the owner's mark— Aerosoft Footwear argues that "Aero" is "an extremely weak mark that does not signify Plaintiff as the source of goods it sells because numerous footwear manufacturers use common law and registered trademarks incorporating 'Aero.'" Def.'s Mot. 9. Aerosoft Footwear proceeds to identify eleven footwear goods that include the term "Aero." *Id.* at 9-10. Plaintiff responds, in the context of analyzing the first *Lapp* factor—the degree of similarity between the owner's mark and the alleged infringing mark—that "[v]isually, the two marks, AEROSOLES and AEROSOFT are identical up to the first six letters of the marks—not the first four letters as alleged by Aerosoft." Pl.'s Opp. 14. Just pages later, however, Plaintiff asserts that "Defendants have marketed their shoes in such a manner to obscure the latter half of the mark so that the "AERO" or "AEROS" portion of their AEROSOFT mark (the portion that is identical to Plaintiff's AERSOLES mark) is the only part that is visible." *Id.* at 16. On reply, analyzing the second *Lapp* factor regarding strength of the owner's mark, Aerosoft Footwear again lists twelve footwear related products containing the term "aero." Def.'s Reply, 3-4. Whether Plaintiff's likelihood of confusion claim is predicated upon visual confusion stemming from the prefix "aero" as seen in marketing materials, or the longer term "aeroso," evidently not the focus of marketing materials, or both, is at this stage an open question of fact that the Court declines to resolve.

As a second example, with regard to the sixth *Lapp* factor—the evidence of actual confusion—Plaintiff states in its Opposition that it has "provided several examples, at Paragraph 33 of the Complaint, of instances where consumers have wrongly identified Defendants' products as Plaintiff's," citing paragraph 15 of Chief Executive Officer of Aero AG Alison Bergen's declaration. Pl.'s Opp. 19. Paragraph 15 of Bergen's declaration states, "Plaintiff is aware, as cited in Paragraph 33 of the Complaint, of instances where consumers have wrongly identified Defendants' products as Plaintiff's." ECF No. 13-20, ¶ 15. In Paragraph 33 of the Complaint, Aero AG asserts conclusively that "Defendants' recent expansion of their footwear product line into Plaintiff's area of the footwear industry has subsequently resulted in instances of actual consumer confusion occurring in the marketplace between the AEROSOLES Mark and the AEROSOFT Mark." Compl. ¶ 33. Paragraph 33 of Plaintiff's Complaint, however, contains no references to actual instances where consumers have wrongly identified Defendants' products as Plaintiff's, only the conclusion that such incidences occurred. Paragraph 34, to which Plaintiff does not refer, states that "[e]xamples of actual confusion among consumers are shown below and in the attached Exhibit 5." *Id.* at ¶ 34. Three screenshot images of footwear products called "Rugged Aerosoft Sandals Size 7.5," "Aerosoft by Aerosole Red Flip Flops," and "Aerosoft by Aerosoles Sandal" immediately follow and are replicated in Exhibit 5. *Id.* at pp. 20-22. Plaintiff fails to explain why these examples amount to "actual confusion among consumers." In its opposition and cross-motion, Plaintiff cites *Fotomat*

4

*Corp. v. Photo Drive-Thru, Inc.*, 425 F. Supp. 693, 703 (D.N.J. 1977) for the proposition that "only likelihood of confusion, not proof of actual confusion is necessary." Pl.'s Opp. 19. *Fotomat Corp.*, however, predates *Lapp*, and *Lapp* explicitly takes into consideration "actual confusion" as a discrete factor in its larger likelihood-of-confusion analysis. Whether there are or are not incidences of actual consumer confusion, and to what extent, could be material to the question of whether there is a likelihood of confusion between the marks at issue. This is a factual question that may be resolved as this litigation continues beyond the pleadings stage.

### B. Defendant is Not Culpable of Causing Entry of Default

The Court considers whether the failure to timely answer by Defendants' counsel was culpable. The Third Circuit has defined "culpable conduct" as conduct "taken wil[l]fully or in bad faith." *Rose Containerline, Inc. v. Omega Shipping Co.,*, Civ. No. 10-4345 (WHW), 2011 WL 1564637, at *3 (D.N.J. Apr. 25, 2011 (citing *Chamberlain v. Giampapa*, 210 F.2d 154, 164 (3d Cir. 2000)). Plaintiff has not raised sufficient evidence to show that counsel for Defendants' conduct amounted to willfulness or bad faith conduct. While there was certainly a serious communication breakdown between law firms across continents and time zones, Plaintiff has raised no evidence that that breakdown arises above neglect. *See Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 124 (1983) (finding no willfulness in communication breakdown throughout period during which time to answer was expiring). While the Court entered default on January 14, 2021, Mr. Quinn, counsel for Defendants, secured as counsel on January 20, 2021, attempted to resolve the default on January 20, 2021.

### C. Plaintiff Will Not Be Prejudiced if Entry of Default is Vacated

Plaintiff predicates its prejudice argument on the prospect that if default judgment is denied, it could continue to have its trademark impermissibly infringed. To support its argument, Plaintiff cites to four cases, all of which involved defendants that refused to participate in litigation: *Panda Rest. Grp., Inc. v. Panda Chinese & Japanese Rest., LLC*, Civ. No. 2:12-cv-11718 (WHW-CLW), 2018 WL 5294568, at *2 (D.N.J. Oct. 25, 2018) ("[n]early a year later, Defendants have failed to make an appearance in this action"); *E.A. Sween Co., Inc. v. Deli Exp. of Tenafly, LLC*, 19 F. Supp. 3d 560, 575 (D.N.J. 2014) ("Defendant was properly served nearly seven months ago, yet failed to appear or defend itself in any manner."); *Luxottica Grp., S.p.A. v. Shore Enuff*, No. CV 16-5847 (RBK-KMW), 2019 WL 4027547, at *6 (D.N.J. Aug. 27, 2019) (defendants repeatedly failed to attend court conferences or otherwise defend the case); *Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, No. CIV. 11-896 WHW, 2012 WL 924385, at *2 (D.N.J. Mar. 19, 2012) ("Defendants did not appear in this action or answer the Complaint."). This is perplexing. In those cases, because defendants refused to participate, default judgment represented the *only* avenue for relief against ongoing trademark infringement. Because Plaintiff Aero AG has an alternative path open to it—success on the merits against defendants actively participating in this matter—the Court finds that it will not be prejudiced if entry of default is vacated.

*   *   *

The Court is disturbed by counsel for Plaintiff's apparent willingness to cite to cases that are obviously distinguishable from this one. The Court views Plaintiff's cross-motion for default judgment as an unnecessary attempt to avoid resolving this matter on the merits because of Defendant's six-day delay in responding to Plaintiff's complaint—a defect, perhaps born of neglect, that could have instead been resolved by reasonable counsel. Default is a "sanction of last resort," not first. *Doug Brady Inc.*, 250 F.R.D. at 177. The Court reminds counsel of its broad power under Civil Rule of Procedure 11(c)(3) to issue sanctions for conduct proscribed by Rule 11(b).

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant Aerosoft Footwear's motion to vacate default, ECF No. 9, and **DENIES** Plaintiff Aero AG's Cross-Motion for Entry of Default Judgment, ECF No. 14. An appropriate Order follows.


*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: June 24, 2021**