<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AERO AG HOLDINGS, LLC,**<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>**SUMMIT FOOTWEAR CO., LTD., and AEROSOFT FOOTWEAR USA LLC,**<br><br>　　　　　　　Defendants. | Civil Action No. 20-16655 (WJM)<br><br><br><u>OPINION</u> |

<u>**Falk, Chief U.S.M.J.**</u>

This matter comes before the Court upon Defendants' motion to stay this action pending the outcome of related proceedings before the Trademark Trial and Appeal Board. (CM/ECF No. 25.) The motion is opposed. The motion is decided on the papers. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motion to stay is **granted**.

## BACKGROUND

This is an action by Aero AG Holdings, LLC ("Aero" or "Plaintiff"), a manufacturer and seller of shoes, against Summit Footwear Co., LTD ("Summit") and the

1

sole distributor of its footwear in the United States, Aerosoft Footwear Co., LTD ("Aerosoft"), for federal trademark infringement, unfair competition, and trademark dilution. Since 1987, Aero has designed, manufactured, and sold footwear bearing its trademark and trade name "AEROSOLES" (the "AEROSOLES Footwear"). (Compl. ¶¶ 11-12.) According to Plaintiff, the AEROSOLES Footwear and AEROSOLES Mark have become uniquely associated in the mind of the purchasing public with high quality, unique design, and considered to be lightweight, flexible, and comfortable for the wearer.[1] (*Id.* ¶ 12.)

On October 15, 2013, Summit applied to the United States Patent and Trademark Office ("PTO") to register its "AERO*SOFT*"[2] trademark for footwear. (Compl. ¶ 24.) Aero filed a notice of opposition with the PTO Trademark Trial and Appeal Board ("TTAB") against Summit's application on October 6, 2014. (*Id.* ¶ 27.) Plaintiff's sole claim in the TTAB opposition was the likelihood of confusion between Summit's Mark, AERO*SOFT*, and Plaintiff's AEROSOLES Marks.

Discovery in the TTAB proceeded at length. The parties exchanged interrogatories, requests for admission, document requests, and took several depositions. (Declaration of Christopher B. Lay ("Lay Decl.") ¶¶ 5-7.) During early 2020, the parties engaged in settlement negotiations and jointly consented to fifteen extensions during the

---

[1] Plaintiff has registered with the United States Patent and Trademark Office ("USPTO") various AEROSOLES trademarks and has prominently displayed its trademarks and trade names on its footwear, shoe boxes, packaging, advertising materials and displays associated therewith. (Compl. ¶¶ 13-14.)
[2] (stylized).

2

course of the TTAB proceeding in an effort to settle.  If settlement were not reached, the parties contemplated completing the remaining 30(b)(6) deposition of Summit, closing discovery, and ultimately proceeding to the trial phase of the case by September 2020.  (Declaration of Michelle Mancino Marsh ("Marsh Decl.") ¶¶ 7-8; Lay Decl. ¶ 9.)  Settlement negotiations were unsuccessful and according to Summit, it sent an email on November 18, 2020, to Plaintiff advising that it would be filing a motion seeking a trial date before the TTAB.  (Lay Decl. ¶ 12.)

The next day, on November 19, 2020, Aero filed a Complaint against Summit and Aerosoft in the District Court.  The Complaint asserted trademark infringement claims primarily against Summit for importing footwear bearing the AERO*SOFT* Marks including violation of 15 U.S.C. §§ 1114 and 1125(a), trademark dilution in violation of 15 U.S.C. § 1125(c), as well as other state statutory and common law related claims.

On November 20, 2020, Aero filed a motion in the TTAB to suspend the proceeding pending disposition of the federal court action it filed the day before.  On January 22, 2021, the TTAB granted Aero's motion to suspend.  In so doing, it found it "extremely troubling that [Aero] waited so long to file suit when it clearly had notice of [Summit's] alleged expanding use."  (Lay Decl. ¶ 14, Ex. 8 at 4-5.)

Following entry of default and subsequent motion practice to lift default in this Court, Defendants filed an Answer to the Complaint on July 1, 2021.  The same day, Defendants moved to stay the case pending the outcome of related proceedings before the TTAB.  (CM/ECF Nos. 24 and 25.)  Arguing that efficiency and equity warrant stay,

Defendants contend that the TTAB can resolve the likelihood of confusion issue which is central to Aero's claims in this case and simplify any issues that my remain for this Court. Defendants point out that discovery was near complete in the TTAB case and maintain therefore that it is highly likely that the TTAB would be able decide whether AERO*SOFT* is confusingly similar to AEROSOLES long before this Court realistically would be able to do so.  Defendants also challenge any claim by Aero of prejudice given that it chose the TTAB as the preferred forum, has been litigating the case there for almost seven years, and only recently decided to commence suit in the federal court.

Aero opposes a stay on several grounds.  Aero argues a stay should be denied because the TTAB already suspended its proceeding pending resolution of this case. Plaintiff contends that the case should proceed in this Court because the TTAB cannot provide the damages or injunctive relief sought by Plaintiff, emphasizing that the TTAB proceeding involves only the question of whether the "AERO*SOFT*" mark may be registered at the PTO, not whether Defendants can use the mark in commerce.  Finally, maintaining that Aerosoft is a separately liable and necessary party to this case, Plaintiff notes that it is not a party to the TTAB proceeding.

## **DISCUSSION**

District courts have broad powers to stay proceedings.  <u>Bechtel v. Laborers' Int'l Union</u>, 544 F.2d 1207, 1215 (3d Cir. 1976).  A decision to stay litigation lies within the sound discretion of the court.  <u>Texaco, Inc. v. Borda</u>, 383 F.2d 607, 608 (3d Cir. 1967).  In deciding whether to stay a case, the Court considers whether a stay would prejudice the

non-moving party and if it would further the interest of judicial economy.  See <u>Ford Motor Credit Co. v. Chiorazzo</u>, 529 F.Supp.2d 535, 542 (D.N.J. 2008).  The party seeking a stay of a civil litigation bears the burden of demonstrating that a stay would be appropriate. <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254-55 (1936).

The Court has considered the parties' arguments and the applicable law and finds that, for the reasons stated below, a stay is warranted here.

A stay of the action would not unduly prejudice Plaintiff.  At least with respect to its allegation of likelihood of confusion which is at the crux of this federal lawsuit, Aero is far more likely to obtain a faster decision on its claim from the TTAB.  While there is validity to Plaintiff's contention that the TTAB cannot award the relief or damages it seeks in this Court, the fact is Aero chose to litigate the case before the TTAB for more than 6 years instead of commencing a federal action sooner.  Even if some of the federal and state claims Plaintiff asserts in its lawsuit are based on new facts that were unknown to it at the time it commenced the TTAB proceeding, progress made at the TTAB should not disregarded because it is likely that the TTAB will resolve the single claim of whether Summit's AERO*SOFT* mark is confusingly similar to Aero's AEROSOLES mark, an issue that is central to, and ultimately may be persuasive in, this federal case.

The TTAB case has been pending since October 2014, and is much further along than the case before this Court which was commenced less than a year ago and which has been impeded by motion practice to lift entry of default against Aerosoft.  If Aero wanted to have any of its claims decided in the federal court, Aero could have filed the case here

in the first instance, or certainly much earlier than it did. Lack of prejudice weighs in favor of a stay.

Judicial economy is also promoted by a stay. A decision by the TTAB will likely dispose of the likelihood of confusion claim which is the basis for the District Court case. It appears that at the crux of the federal and TTAB cases is the overarching issue of whether Summit's AERO*SOFT* mark is confusingly similar to Aero's AEROSOLES mark. Therefore, a determination by the TTAB regarding the scope of Aero's marks and whether Defendants' marks are confusingly similar, if adopted by this Court, conceivably could be dispositive of a large part of Plaintiff's federal court claims. *See J&J Snack Foods Corp. v. Earthgrains Co.*, 220 F. Supp. 2d 358, 374 (D.N.J. 2002) (elements for federal trademark infringement claim same as state trademark infringement and state and common law unfair competition claims). Thus, adjudication of the single claim by the TTAB has the potential to largely, even if not completely, resolve the District Court case.

It is also in the interest of judicial economy to allow the first filed case to reach its conclusion, resolving the issue of confusion of the marks, rather than effectively re-starting the case here. Although there is some discrepancy between the parties regarding the status of the TTAB case, discovery in the venue has been extensive. By contrast, the District Court case has effectively just started. A scheduling order has not been entered and discovery has not begun. Basically, the case has not advanced beyond the pleading stage. Neither the Court nor the parties have invested any time or resources in the federal

litigation (other than motion practice concerning default) that would be wasted if the case were stayed. These reasons weigh heavily in favor of a stay.

It is likewise in the best interest of all parties to stay this case. As explained above, the TTAB is more likely to render a decision on the claim of likelihood of confusion, an issue central to the federal action, much sooner given the progress to date in the administrative proceeding. Additionally, Defendants arguably will suffer hardship and prejudice if compelled to proceed with the District Court case now. Summit had litigated its dispute with Aero before the TTAB for more than 6 years before the administrative proceeding was suspended. Defendants should not have to duplicate their efforts and spend additional resources simply because Aero would now prefer to have its claims heard here. Although Aerosoft is not a party to the TTAB matter, according to Defendants, Plaintiff had knowledge of Aerosoft's alleged involvement at the outset of the TTAB proceeding, and even deposed Aerosoft's principal in early 2019. (Lay Decl. ¶ 6 and Ex. 4.) Aero could have filed suit in federal court long before it did. Commencement of a federal court case by Aero now seeking a ruling on the issue pending before the TTAB and expecting Defendants to essentially begin litigation of their claims all over again arguably would be a waste of time and resources. See Tigercat Inter'l, Inc. v. Caterpillar Inc., No. 16-1047, 2018 WL 2049816, *5 (in granting a stay of newly-filed District Court proceedings in favor of a TTAB proceeding that was ten days before the close of discovery, the Court stated "resetting the clock at this [late] stage of the proceedings strikes the court as a monumental waste of time, money and effort").

Thus, the interest of the parties weighs in favor of a stay.

## CONCLUSION

In sum, the Court finds any disadvantages from the inherent delay of a stay are outweighed by advantages of allowing the TTAB to render a decision before proceeding with this action. For the reasons stated above, Defendants' motion to stay this action pending the outcome of the related proceedings before the TTAB is **granted**. A separate Order accompanies this Opinion.

                                                   s/Mark Falk
                                                   **MARK FALK, Chief U.S.M.J.**

**DATED: September 13, 2021**